IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN D. CLAIBORNE : | |
| : | |
| : | |
| v. : | CIVIL ACTION NO. 19-3011 |
| : | |
| SOUTHEASTERN PENNSYLVANIA : | |
| TRANSPORTATION AUTHORITY, : | |
| ET AL. : | |

**McHugh, J.**                                                                                                                              April 7, 2021

## MEMORANDUM

In a series of communications to the Court, the parties have identified issues on the record related to Discovery. These communications are docketed as ECF numbers 32, 35 and 36. Although some issues can be decided based on this limited record, others cannot, and the parties are ordered to submit motions as applicable below.

**I.     Discovery of Documents and Witnesses related to SEPTA's internal investigation of Plaintiff's discrimination claim**

This is an employment discrimination case. Before bringing this case, Plaintiff filed a claim with the Equal Employment Opportunity Commission (EEOC), and Plaintiff seeks information related to Defendant's internal investigation following that claim. After Plaintiff filed a claim with the EEOC, Defendants represent that "SEPTA's internal legal department investigated whether there was discrimination" related to Plaintiff's allegations. ECF 36-1. Plaintiff requests that SEPTA "produce the people with the most knowledge of the investigation for depositions, and . . . produce any reports and conclusions that were reached, along with all materials SEPTA reviewed in coming to its conclusions." *Id.* Defendants counter that discovery pertaining to the legal department's investigation is privileged. *Id.*

1

As a general rule, communications between SEPTA employees and SEPTA counsel, including interviews, questionnaires, and relevant notes are protected by the attorney-client privilege and are not discoverable. *See Upjohn Co. v. United States*, 449 U.S. 383, 397 (1981).

Other documents relating to the investigation are likely work product and thus not "ordinarily" discoverable, as "documents and tangible things that are prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3)(A). *See also Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1258 (3d Cir. 1993) ("[A] document satisfies Rule 26(b)(3) where 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.") (citations omitted).

This material can be discovered if plaintiff "shows that [he] has substantial need for the materials to prepare [his] case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). I note that even if Plaintiff makes this showing, the reports and conclusions sought by Plaintiff are given additional protection, as courts "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). *See Upjohn Co.*, 449 at 401 (noting the special protection granted this category of documents).

Although the combination of privilege and work-product protection likely protects most investigation documents from discovery, I am limited by the generic descriptions of information sought provided in the parties' letters and emails. Thus, Plaintiff is instructed to advise Defendants of the specific documents sought, and the parties are then instructed to proceed in the manner prescribed by Federal Rule 26(b)(5) by filing motions and responses with the Court.

**II.     Discovery of Promoted Individuals**

Plaintiff seeks "the names and race of all people promoted to fueler and third-class mechanic in Plaintiff's department during Plaintiff's time in his department at SEPTA." ECF 32.

Regarding the third-class mechanic promotions, Defendants note that Plaintiff's Second Amended Complaint "alleges a single cause of action for failure to promote relating to Plaintiff's allegation that he was passed over for the Fueler position in 2013." *Id.*  Consequently, they argue, Plaintiff withdrew his claim related to failure to promote to the third-class mechanic position. *Id.* Plaintiff responds that allegations related to the third-class mechanic position "remained in the operative complaint as circumstantial evidence." ECF 36-1.

I agree that this information is potentially relevant to Plaintiff's claim. Defendants therefore must explain how production of this information would be unduly burdensome in proportion to its potential relevance.  *See* Fed R. Civ. P. 26(b)(1); *Momah v. Albert Einstein Medical Center*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) ("Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice.") (quoting *Joseph v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)).

Regarding the fueler position, Defendants contend that Plaintiff somehow "waived" this issue by testifying during his deposition "that there were no vacancies available during the relevant time period." ECF 32.  Defendants attach a portion of a deposition where Plaintiff stated that "Between '10 and '14, there were no open [fueler] positions at that time, no." ECF 32.  In response, Plaintiff cites to various other portions of depositions where Plaintiff states he does not know or is not sure about vacancies and promotions. ECF 36-1.

Plaintiff is correct that this issue is not waived; Defendants are uniquely in control of the relevant information, and Plaintiff's own recollection about whether other employees were

promoted to positions senior to him does not render this matter non-discoverable. Defendants must provide the requested information or explain, through a motion filed with this Court, how production of the information would be disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

### III.   Discovery of Overtime Information

Plaintiff seeks "overtime records for all cleaners and third-class mechanics (including identifying the recipients of overtime by race) in Plaintiff's department during Plaintiff's tenure." ECF 32. Defendants argue that because Plaintiff's Complaint does not include any allegations about overtime or unequal pay, "these voluminous documents concerning overtime pay to other employees are wholly irrelevant." *Id.* Plaintiff responds that Defendant "mentioned that records about OT are in the EEOC files that have already been obtained." ECF 36-1.

If this information is indeed "in the EEOC files that have already been obtained," Defendants are instructed to produce the information.[1] To the extent they contend any of that material is protected as privileged or work product, they must follow the procedure of Rule 26(b)(5). If the information is not easily obtainable, Plaintiff is instructed to explain the relevance of this information pursuant to the proportionality considerations of Rule 26(b)(1) and I will make a subsequent ruling. Plaintiffs are instructed to submit any such briefing in the context of a Motion to Compel Discovery, rather than as a letter.

---

[1] Defendants note that "[a]lthough SEPTA invites employees to voluntarily disclose their race, it does not maintain such records as a matter of course" and they "decline to speculate as to what race each SEPTA employee identified as." ECF 32. Defendants do not need to speculate as to employees' race— to the extent that an employee's race is included in any of the relevant documents, Defendants are ordered to provide this identifying information.

IV.     **Discovery related to "Snowstorm Discipline"**

Plaintiff seeks "the names of all workers and their races in Plaintiff's department that were disciplined for lateness and/ or received AWOLs during a February 2014 snowstorm." ECF 32. Defendants argue that they have already provided this information to Plaintiff "as it was included in the response to Plaintiff's subpoena directed to the PHRC." *Id.* Plaintiff does not address this argument. The parties are instructed to confer to confirm that the information has already been provided. If it has not, Defendants are ordered to produce the information.

V.      **Discovery related to disciplinary points**

Plaintiffs seek the "disciplinary points for all people in Plaintiff's department during his tenure, along with their races." ECF 32. Defendants respond that this request is "overly broad and unduly burdensome" and instead "offer[] to produce documentation for specific employees identified by Plaintiff." *Id.* Plaintiff argues that because "SEPTA's purported reason for termination was that Plaintiff reached the maximum disciplinary points allowed" and so if "Caucasian people had more points but were not terminated, that goes to the heart of Plaintiff's claim." ECF 36-1.

As a threshold matter, this information is clearly relevant. *See, e.g. Momah*, 164 F.R.D. 417 (holding that "the personnel records and performance evaluations of other residents" was relevant to plaintiff's claim of employment discrimination). With the limited information provided, however, I cannot weigh the relevance against the other considerations of Rule 26(b)(1). Defendants, as the "refusing party" bear the burden "to show that the movant's request is burdensome, overly broad, vague, or outside the scope of discovery." *Prasad v. George Washington University*, 325 F.R.D. 1, 3 (D.D.C. 2018); *see also* Rule 26 advisory committee notes (2015) ("A party claiming undue burden or expense ordinarily has far better information— perhaps

5

the only information— with respect to that part of the determination."). "Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice." *Momah*, 164 F.R.D. at 417 (quoting *Joseph v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)).

Defendants are therefore ordered to file a Motion explaining why they contend that it is unduly burdensome to produce the above information.

      /s/ Gerald Austin McHugh
United States District Judge