IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMAN D. CLAIBORNE | : | |
| | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-3011 |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY, | : | |
| ET AL. | : | |

McHugh, J.                                                                                                          June 28, 2021

## MEMORANDUM

Plaintiff Norman Claiborne alleges racial discrimination and retaliation during his employment at SEPTA, in violation of Title VII. He now moves to compel production of information regarding internal complaints at SEPTA and internal investigations of agency complaints that involve his former supervisor, Defendant Tim Dorety. For the reasons below, the Motion will be granted in part and denied in part.

### I.   Factual and Procedural Background

The parties have come to the Court numerous times with discovery issues that have arisen. In April 2021, I resolved some of these issues through an order and memorandum. *See* ECF 37. Regarding Plaintiff's request for the records of internal investigations stemming from his EEOC complaint, I noted:

> Although the combination of privilege and work-product protection likely protects most investigation documents from discovery, I am limited by the generic descriptions of information sought provided in the parties' letters and emails. Thus, Plaintiff is instructed to advise Defendants of the specific documents sought, and the parties are then instructed to proceed in the manner prescribed by Federal Rule 26(b)(5) by filing motions and responses with the Court.

*Id.* The parties have since conferred, and this motion followed.

1

## II. Discussion

In his original Request for Production, Plaintiff sought "a copy of any complaint or petition from any person alleging discrimination on the basis of race, color, religion, national origin, or sex within the five-year period preceding the events giving rise to this suit." *See* Pl. Request for Production of Documents ¶ 19, Pl. Mot. to Compel Ex. A, ECF 42-1. After narrowing the scope of the request through a series of emails and phone calls, Plaintiff now seeks "any interviews, reports, notes, conclusions emails, and any other written documents relating to investigations regarding complaints of discrimination against Mr. Dorety." *See* Pl. Mot. 3-4, ECF 42.[1] Defendant objects to production of these documents as protected work product.[2]

### a. Plaintiff's complaint of discrimination

Plaintiff filed complaints of racial discrimination with the Pennsylvania Human Relations Commission (PHRC) and the Equal Employment Opportunity Commission (EEOC), but he did not file any internal complaints with SEPTA. *See* Dep. Norman Claiborne 3-4, Def. Resp. Motion to Compel, ECF 44-4. Therefore, any documents possessed by SEPTA regarding Plaintiff's complaints against Mr. Dorety would have arisen after he filed administrative complaints.

"Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation." FED. R. CIV. P. 26(b)(3). A document satisfies this requirement where

---

[1] Plaintiff also sought Mr. Dorety's employment file, but the parties have confirmed that this document has already been produced.

[2] Defendant first objects to production of the documents on the basis that Plaintiff's informal request, made through emails and phone calls, does not comply with the Federal Rules of Civil Procedure. Plaintiff did, however, initially make a formal request for production in accordance with the Rules, and it is this formal request which has since been narrowed. I encourage parties to negotiate in good faith about discovery disputes, and I ordered Plaintiff to make his request to Defendants more specific. I will therefore will not penalize Plaintiff because the process he followed was invited by the Court.

2

"in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1258 (3d Cir. 1993) (citations omitted). Records from internal investigations arising after the filing of administrative complaints are widely considered to have been prepared in anticipation of litigation and thus are subject to special protections as work product. *Id.* at 1261 (holding that an internal report undertaken after OSHA inquired into potentially unsafe work conditions was work product and thus potentially protected from discovery under Rule 26(b)(3)); *see also Lafate v. Vanguard Group, Inc.*, 13-5555, 2014 WL 5023406, at *6 (E.D. Pa. Oct. 7, 2014) (finding that "documents prepared and obtained by Defendant . . . during its investigation into Plaintiff's EEOC charge were prepared and obtained because of the prospect of litigation.").

Defendant submitted a declaration from their Corporate Litigation Counsel, which states that when an employee files a complaint of discrimination with an administrative agency, SEPTA "investigates and responds under the assumption litigation will ensue." Dep. Christopher Cooper, ECF 44-10 ¶ 2. The investigation following the filing of Plaintiff's claims with the EEOC and PHRC is therefore work product.

Given the nature of Plaintiff's claim, however, this work product may still be discoverable. Work product may be subject to discovery if the plaintiff "shows that [he] has substantial need for the materials to prepare [his] case and cannot, without undue hardship, obtain their substantial equivalent by other means." FED. R. CIV. P. 26(b)(3)(A)(ii). Plaintiff has shown a substantial need for certain records related to SEPTA's internal investigation undertaken after the filing Plaintiff's racial discrimination complaints. Specifically, witness statements or interviews, as contemporaneous recording of evidence, have unique value that cannot be replicated through

3

depositions or other later discovery. Plaintiff cannot, without undue hardship, obtain their substantial equivalent by other means. I will therefore order production of any interviews, statements, or notes containing factual summaries, prepared by non-attorneys such as human resources representatives. Defendant may redact any mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation. *See* FED. R. CIV. P. 26(b)(3)(B) ("If the court orders discovery of [work product], it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."). I decline to order production of any investigation performed directly by SEPTA's attorneys, because the combined weight accorded to attorney work product and attorney-client privilege requires a far stronger showing of substantial need from Plaintiff, and because the discovery being allowed is proportional to the needs of the case.

### b. Complaints of Discrimination by Other Employees

Defendant asserts that to the extent Plaintiff seeks discovery as to complaints against Mr. Dorety specifically, "Plaintiff's complaint is the only one alleging discrimination and retaliation against Mr. Dorety." Def. Resp. at 3. Plaintiff disagrees, stating that he has reason to believe that at least three other employees (or former employees) filed complaints involving Mr. Dorety: Mr. Gibson, Mr. Tomlinson and Mr. Haynes. Pl. Mot. at 3. All three have testified in depositions.

#### 1. Mr. Gibson

Mr. Gibson testified that he made three complaints about racism in the workplace— in 2010, 2012, 2015. *See* Dep. Gibson, ECF 44-5 at 4. Defendant argues that Mr. Gibson never made *internal* complaints, and so there is nothing they need to produce that would not be protected work product. But the deposition transcript is not so clear. Mr. Gibson made the 2010 complaint

4

to an outside agency, the PHRC. *Id.* at 5. He also states that he first spoke to the "IG [Inspector General]" at SEPTA. *Id.* at 6. Mr. Gibson states that the IG office didn't help him, and that is why he went to an outside agency. *Id.* Defendant is therefore ordered to search its records and produced any complaints to its Inspector General by Mr. Gibson.

Defendant further argues that any files related to Mr. Gibson would be irrelevant, since Mr. Gibson's complaint did not involve Mr. Dorety. Again, the transcript suggests other possibilities. *See id.* ("I just made her aware of the—what's happening at Frankford with Tim Dorety."). Mr. Gibson states that he does not know if Mr. Dorety ended up being disciplined or otherwise held accountable. *Id.* at 7. Mr. Gibson's PHRC complaint from 2011 has been subpoenaed, and that complaint does not name Mr. Dorety. *See* Compl., Def. Resp. Ex. E, ECF 44-6. But Mr. Gibson testified to making *three* complaints about racism.

Accordingly, Defendant is ordered to produce records of internal complaints made by Mr. Gibson regarding racial discrimination, if any exist, from 2010, 2012 and 2015.

The results of internal investigations undertaken as a result of agency complaints, however, would be work product. Unlike the investigation of his own complaint, Plaintiff has not shown a substantial need for this information; other employees' experiences of racial discrimination might serve as circumstantial evidence of discrimination but would not directly support Plaintiff's claim. Further, Mr. Gibson has been deposed about his complaints, and Plaintiff has shown the ability to subpoena the agency complaints made. *See Lafate*, 2014 WL 5023406, at *6 (finding that the plaintiff's ability to depose the individuals in question he had not shown a substantial need for the materials identified). Accordingly, Plaintiff has not overcome the protections afforded to work product by Rule 26.

**2. Mr. Tomlinson**

Defendant argues that Mr. Tomlinson's deposition shows his only dispute regarding Mr. Dorety related to safety, and that he never filed internal complaints regarding racial discrimination. Defendant likewise attaches portions of Mr. Tomlinson's deposition to their response. *See* Dep. Tomlinson, ECF 44-7. Mr. Tomlinson discusses an issue that he had with Mr. Dorety related to safety violations and to threatened retaliation from Mr. Dorety for reporting these violations. *Id.* at 6-7. The remaining portions of the deposition are spliced, however, and it is not readily apparent to the Court what complaints, if any, Mr. Tomlinson made and to whom.

Consistent with my ruling as to Mr. Gibson, if Mr. Tomlinson made internal complaints regarding racial discrimination, these must be produced. This is true even if the complaint was not made directly against Mr. Dorety, as he may have been involved as a supervisor and his involvement could still serve as relevant circumstantial evidence. *See* Second Am. Compl. ¶ 5, ECF 17 (alleging that Mr. Dorety was a Director of Maintenance at SEPTA).

But for the same reasons discussed above with Mr. Gibson, Defendant is not required to produce records related to internal investigations that would qualify as work product after the filing of administrative complaints.

**3. Mr. Haynes**

Mr. Haynes testified that he filed a complaint with the EEOC related to racism at SEPTA, at the Frankford Depot (where Plaintiff worked). *See* Haynes Dep., ECF 44-8 at 3. He states that this happened in 2018. *Id.* A complaint filed by Haynes with the PHRC has been subpoenaed and is attached to the response. *See* ECF 44-9. Mr. Haynes testified that he has heard from other employees about racist incidents involving Dorety, but that he personally has not experienced discrimination from him. *Id.* at 6-7.

Plaintiff was fired in 2015, and the original request for production specified a time frame of five years before Plaintiff's firing. Given the applicable time frame, Mr. Haynes' clear testimony that he did not file complaints involving Mr. Dorety, and the fact that he has been deposed and his complaints subpoenaed, any internal information regarding Mr. Haynes's complaints would be of highly limited relevance. Accordingly, Defendant is not required to produce documents related to complaints filed by Mr. Haynes.

### III. Conclusion

Plaintiff's motion to compel is granted in part and denied in part, as set forth above. An appropriate order will follow.

/s/ Gerald Austin McHugh
United States District Judge